[Cite as *State v. Hamm*, 2024-Ohio-1621.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2023CA00030 |
| CHRISTOPHER HAMM | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Appeal from the Fairfield County Court of
Common Pleas, Case No. 2021 CR 0059

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    April 26, 2024

APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
Fairfield County Prosecutor
BY: CHRISTOPHER A. REAMER
239 West Main Street, Ste. 101
Lancaster, OH 43130

For Defendant-Appellant

CHRISTOPHER J. HAMM, PRO SE
Pickaway Correctional Institute
11781 St. Route 72
Orient, OH 43146

*Gwin, J.*

{¶1}    Defendant-appellant Christopher Hamm ["Hamm"] appeals from the July 24, 2023 Judgment Entry of the Fairfield County Court of Common Pleas dismissing his Petition to Vacate or Set Aside Judgment.

*Facts and Procedural History*

{¶2}    On February 25, 2021, Hamm was Indicted by the Fairfield County Grand Jury for seven felony offenses stemming from an altercation that resulted in the stabbing and death of K.S.J., to wit:

Aggravated Murder, an unclassified felony with a maximum sentence of imprisonment for life without parole;

Murder, an unclassified felony with a maximum sentence of imprisonment for an indefinite term of 15 years to life;

Aggravated Burglary, a felony of the first degree with a maximum sentence of imprisonment for an indefinite term of 11 to 16.5 years;

Aggravated Robbery, a felony of the first degree with a maximum sentence of imprisonment for an indefinite term of 11 to 16.5 years;

Tampering with Evidence, a felony of the third degree with a maximum sentence of imprisonment for 36 months;

Trafficking in marijuana, a felony of the third degree with a maximum sentence of imprisonment for 36 months; and

Aggravated possession of drugs, a felony of the fifth degree with a maximum sentence of imprisonment for 12 months.

{¶3}    A jury trial was scheduled for May 5, 2021. Upon motion of the state, based on ongoing plea negotiations and the need for further investigative test results from The Ohio Attorney General's Bureau of Criminal Investigation ("BCI") and the County Coroner, this originally scheduled jury trial date was continued to July 27, 2021. The jury trial was again continued on motion of the state based on ongoing plea negotiations and the need for DNA test results from BCI. *State's Motion to Continue Jury Trial,* filed July 8, 2021. [Docket Entry No. 64]. The trial judge, upon consideration of scheduling memorandums filed by the parties, reset the jury trial to commence on October 5, 2021. *Scheduling Notice of Jury Trial*, filed July 30, 2021 [Docket No. 68]. *See, also*, *Defendant's Scheduling Memorandum*, filed July 27, 2021 [Docket Entry No. 66]; *State's September Trial Conflicts,* filed July 27, 2021 [Docket Entry No. 67].

{¶4}    The state filed responses to Hamm's discovery requests on April 9, 2021, May 14, 2021, June 3, 2021; and September 13, 2021.

{¶5}    Hamm filed a Motion to Compel on August 26, 2021 that the trial court set for hearing on September 20, 2021. During the hearing, the state presented testimony and admitted twenty exhibits[1]. See, *Judgment Entry Overruling Motion to Compel,* filed Sept. 21, 2021 at 1. The trial court found that the state had made a good faith effort to locate, obtain and preserve any video evidence relative to the allegations contained in the Indictment. Id.

{¶6}    On September 24, 2021 the trial judge granted the state's motion to amend Count 1 [Aggravated Murder] and Count 4 [Aggravated Robbery] of the Indictment.

---

[1] A transcript of the hearing was not filed with the record in this Court.

**{¶7}** On September 27, 2021, Hamm filed a Motion in Limine concerning testimony relating to the Ohio Narcotics Intelligence Center. Hamm also filed a Motion in Limine to preclude Hamm's prior criminal history and periods of incarceration; alleged domestic violence incidents and Hamm's alleged drug activity from being introduced during trial. Hamm also sought to exclude evidence of jail telephone calls between himself and family members for failure of the state to comply with the requirements of Crim.R. 16.

**{¶8}** On September 28, 2021, Hamm's counsel filed requests for jury instructions on self-defense. The state filed requests for jury instructions on Intoxication, Flight, Owner (for purposes of Theft); Motive and Trespass.

**{¶9}** Hamm entered into a negotiated plea agreement with the state at a hearing on September 29, 2021, almost a full week prior to the jury trial scheduled for October 5, 2021[2]. [Docket Entry No. 125]. Hamm's written Waiver Upon Plea of Guilty/No Contest was filed on October 4, 2021.

**{¶10}** On October 20, 2021, Hamm appeared for sentencing and was sentenced to a jointly recommended sentence of fifteen years to life on the charge of Murder and a 36-month concurrent term on the Tampering with Evidence charge. The remaining counts were dismissed[3].

**{¶11}** In April 2022, Hamm filed a pro se motion for appeal and requested the trial court appoint him counsel (Fairfield App. No. 2022 CA 00014). On May 11, 2022, Hamm sent a handwritten document to the trial court requesting a new court appointed counsel

---

[2] A transcript of the hearing was not filed with the record in this Court.
[3] A transcript of the hearing was not filed with the record in this Court.

and essentially arguing that his original court appointed counsel had pressured him into making a plea agreement. The trial court appointed counsel for the purposes of an appeal.

{¶12} In June 2022 Hamm's appellate counsel in Fairfield App. No. 2022 CA 00014 filed a docketing statement on Hamm's behalf identifying the sole issue for review as whether Hamm's guilty plea was knowingly, voluntarily, and intelligently made. In addition, counsel filed a motion for leave to appeal given the untimeliness of the appeal.

{¶13} On June 29, 2022, this Court denied Hamm's motion for leave to appeal in Fairfield App. No 2022 CA 00014 finding Hamm did not set forth sufficient reasons justifying the delay in filing his Notice of Appeal. Hamm moved for reconsideration of that denial for leave to appeal and on September 7, 2022, this Court denied his motion to reconsider.

{¶14} In October 2022, Hamm filed a pro se motion for post-conviction relief under R.C. 2953.21 and additionally requested court appointed counsel. The trial court appointed counsel for purposes of post-conviction relief and allowed appointed counsel to file an amended postconviction petition on February 1, 2023.

{¶15} By Judgment Entry filed July 25, 2023 the trial judge denied Hamm's petition without a hearing.

{¶16} On August 2, 2023, post-conviction appointed counsel for Hamm filed a notice of appeal regarding the trial court's dismissal of Hamm's post-conviction petition. Contemporaneously, Hamm made a request for court appointed counsel for purposes of this appeal. On August 8, 2023, the trial court overruled the request for court appointed counsel for purposes of this appeal from post-conviction relief proceedings. This Court

ultimately allowed the withdrawal of counsel for Hamm after Hamm was given notice in accordance with Local R. 3 that he would be required to represent himself.

{¶17} Hamm was granted an extension until December 3, 2023, to file his pro se brief. On December 5, 2023, Hamm filed his brief without an instanter request; however, he failed to serve Appellee.

{¶18} On January 3, 2024, this Court, recognizing Hamm's failure to serve Appellee, ordered him to effect service upon Appellee by January 22, 2024, or risk having the appeal dismissed for want of prosecution. On January 22, 2024, withdrawn counsel filed a limited notice of appearance and provided notice of service of Hamm's pro se brief upon Appellee.

*Pro se Appellants*

{¶19} We understand that Hamm has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶20} We note that the underlying action was a criminal case. Hamm requested appointed counsel; however, a Petition for Post-Conviction Relief is a civil matter. An indigent criminal defendant has neither a federal nor a state constitutional right to be represented by an attorney in a post-conviction relief proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539(1987); *State v. Crowder*, 60 Ohio St.3d

151, 573 N.E.2d 652(1991).[4]  However, when a person is convicted of a criminal offense and claims that his or her constitutional rights were violated, the person, pursuant to R.C. 2953.21, may petition the court that imposed the sentence and request that the court vacate or set aside the judgment or sentence.  *Crowder*, 60 Ohio St.3d at 153, 573 N.E.2d 652. Therefore, a petition for post-conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Murphy,* 10th Dist. Franklin No. 00AP-233, 2000 WL 1877526(Dec. 26, 2000); *Accord, State v. Zich,* 6th Dist. Lucas No. L-15-1263, 2017-Ohio-414, ¶9.

**{¶21}** Accordingly, this is not a typical civil case for monetary damages in which an appellant has chosen to represent himself. Under these circumstances, an indigent appellant is given no other choice then to file an appeal pro se. It seems unduly harsh to hold that a litigant who wishes to challenge the trial court's ruling, but who is lacking the financial resources to hire an attorney to file an appeal from the denial of his or her Petition for Post-Conviction Relief, is bound by the same rules and procedures as those litigants who can afford to retain counsel.

**{¶22}** In the case at bar, there is at least some semblance of compliance with the appellate rules. "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189,192 431 N.E.2d 644(1982), *citing Cobb v. Cobb*, 62 Ohio St.2d 124, 403 N.E.2d 991(1980). We

---

[4] However, in the State of Ohio, an indigent petitioner has a limited state-created right to the appointment of counsel to conduct a diligent and thorough search of the record for any arguable claim that will support a PCR petition. In *Crowder, supra*, the Ohio State Supreme Court determined R.C. 120.16(A)(1) and (D) requires the appointment of counsel if two conditions are met. First, the trial court must determine whether the petitioner's allegations warrant an evidentiary hearing. Second, the public defender must assess whether petitioner's allegations have arguable merit. *Crowder, supra*, at paragraphs one and two of the syllabus.

can sufficiently discern the facts supporting Hamm's argument from the record in this matter. Therefore, in the interests of justice, we shall attempt to consider Hamm's argument.

*Failure to file transcript*

{¶23} However, we first must address Hamm's failure to present a transcript to this Court of his plea hearing and his sentencing hearing.

{¶24} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), *citing State v. Skaggs*, 53 Ohio St.2d 162, 163, 372 N.E.2d 1335(1978). This requirement is set forth in App.R. 9(B), which provides, in pertinent part, as follows: "*** the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." Further, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* 61 Ohio St.2d at 199, 400 N.E.2d 384. If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. *Knapp,* 61 Ohio St.2d at 199, 400 N.E.2d 384.

{¶25} In the case sub judice, Hamm did not meet his burden, under App.R. 9(B), and supply this Court with a transcript of the proceedings from his original plea and the original sentencing hearings. If such transcripts were unavailable, other options were

available to Hamm in order to supply this Court with a transcript for purposes of review. Specifically, under App.R. 9(C), Hamm could have submitted a narrative transcript of the proceedings, subject to objections from appellee and approval from the trial court. Also, under App.R. 9(D), the parties could have submitted an agreed statement of the case in lieu of the record. The record in this matter indicates Hamm did not attempt to avail himself of either App.R. 9(C) or 9(D).

I.

{¶26} After reviewing Hamm's brief including his contentions, we have interpreted Hamm's assignment of error in the following manner: The trial court erred in overruling Hamm's Petition for Post-Conviction Relief without a Hearing.

**Standard of Review**

{¶27} We review a decision to grant or deny a petition for post-conviction relief, including the decision whether to afford the petitioner a hearing, under an abuse-of-discretion standard. *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 38, *citing State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51-52, 58.

*Post-conviction relief*

{¶28} A post-conviction proceeding is a collateral civil attack on a criminal conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999); *State v. Phillips*, 9th Dist. No. 20692, 2002-Ohio-823. R.C. 2953.21(A) states, in part, as follows: "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution

of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief".

{¶29} Therefore, Hamm, in a petition for post-conviction relief must rely upon evidence outside of the trial court record to demonstrate a violation of a constitutional right so as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905(1999). In the case at bar, Hamm alleges that his trial counsel rendered ineffective assistance because trial counsel did not investigate Hamm's claim of self-defense.

*Right to evidentiary hearing in post-conviction proceedings is not automatic*

{¶30} In *State v. Bunch*, 171 Ohio St.3d 775, 2022-Ohio-4723, 220 N.E.3d 773, the Ohio Supreme Court addressed the standard to be used for determining whether a hearing should be held on a post-conviction petition and emphasized that it was only addressing the standard for holding a hearing on a timely-filed post-conviction petition and not the standard for ultimately granting relief on the petition. Id. at ¶ 22.

{¶31} Under the post-conviction statutes, a trial court must, before granting an evidentiary hearing, "determine whether there are substantive grounds for relief." Id. at ¶ 23, citing R.C. 2953.21(D). "If the petition 'is sufficient on its face to raise an issue that the petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief.'" Id., *citing State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975).

{¶32} The *Bunch* court further explained that in determining whether there are substantive grounds for relief, the trial court must consider the entirety of the record from the trial proceedings as well as any evidence filed by the parties in post-conviction proceedings. Then, "[i]f the record does not on its face disprove the petitioner's claim," the court is required to "proceed to a prompt hearing on the issues." Id. at ¶ 24, citing R.C. 2953.21(F).

*Post-conviction review of ineffective-assistance-of-counsel claims*

{¶33} In order for an indigent petitioner to be entitled to an evidentiary hearing in a postconviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) is to be applied. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Lytte*, 48 Ohio St.2d 391, 358 N.E.2d 623 (1976); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). The petitioner must therefore prove that: 1). counsel's performance fell below an objective standard of reasonable representation; and 2). there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different, or he would not have pled guilty. Id.

*Application of res judicata in post-conviction-relief proceedings raising ineffective*

*assistance of counsel claims*

{¶34} With respect to post-conviction petitions asserting grounds for relief based on ineffective assistance, res judicata does not bar a postconviction ineffective-assistance-of-counsel claim when either (1) the petitioner had the same attorney at trial and on appeal or (2) he must rely on evidence outside the trial record to establish his

claim for relief. * * * The converse is that when the petitioner had a new attorney on appeal and the claim could have been litigated based on the trial record, res judicata applies and the postconviction claim is barred." *State v. Blanton,* 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶ 2, *citing State v. Cole*, 2 Ohio St.3d 112, 113-114, 443 N.E.2d 169 (1982). However, merely providing evidence outside the record is not sufficient to entitle a petitioner to a hearing. Rather, to secure a hearing, a petitioner "'must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the [petitioner].'" Id. at ¶ 31, *quoting Cole* at 114, 443 N.E.2d 169; *State v. Johnson*, 12th Dist. Warren No. CA2022-09-063, 2023-Ohio-879, ¶21.

**{¶35}** Hamm was represented in the trial court by a different attorney than the attorney who had represented Hamm during his change of plea and sentencing. Hamm attached his affidavit to his PCR petition that was not a part of the trial court record[5].

*Review of affidavits submitted in support of postconviction relief petition*

**{¶36}** When reviewing a post-conviction petition a trial court "should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as "true statements of fact" or "discard frivolous claims." *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999). In determining the credibility of supporting affidavits in post-conviction relief proceedings, the trial court should consider all relevant factors, including (1) whether the judge reviewing the post-conviction relief

---

[5] The documents Hamm attached to his petition as Exhibits A- G were provided to his counsel during discovery in the underlying case and, therefore, they would be considered a part of the trial court record.

petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Id. at 285, 714 N.E.2d 905. "Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." Id. "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court." Id.

{¶37} A trial court that discounts the credibility of sworn affidavits must include an explanation of its basis for doing so in its findings of fact and conclusions of law. Id.; *State v. Blanton,* 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶98; *State v. Barron*, 12th Dist. Warren No. CA2022-09-059, 2023-Ohio-1249, ¶ 20, *appeal not allowed*, 170 Ohio St.3d 1517, 2023-Ohio-2771, 214 N.E.3d 590, ¶ 20.

{¶38} Justice Donnelly recently expressed the following concern about the treatment of a defendant's affidavit submitted in support of his petition for post-conviction relief,

It is, of course, possible that Dunlap's claims would not have been borne out by the facts established during an evidentiary hearing. But he does not deserve to have his claims dismissed out of hand with the usual bromides about relying on a "self-serving affidavit." A defendant in this

scenario is rarely ever going to have anything to back up a plea-withdrawal motion other than his own claims about what happened. And only an evidentiary hearing will establish whether those claims are true. As I stated in my dissenting opinion in *State v. Bozso*, 162 Ohio St.3d 68, 2020-Ohio-3779, 164 N.E.3d 344, "a defendant cannot be expected to make a record of the fact that he has been misinformed about a crucial issue at the time he is operating under that misinformation." Id. at ¶ 44 (Donnelly, J., dissenting). To say that a defendant's claims in support of withdrawing his plea do not warrant an evidentiary hearing because they are not already backed up by solid, admissible evidence puts the defendant in an impossible position and ensures that an evidentiary hearing is never warranted no matter how specific and convincing a defendant's claims might be.

*State v. Dunlap,* 161 Ohio St.3d 1416, 2021-Ohio-181, 161 N.E.3d 704 (Table), *appeal not allowed*, Donnelly, J., *dissenting. See also, State v. Blanton,* 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶98 ("But sworn affidavits 'should not lightly be deemed false.' [*State v. Calhoun*, 86 Ohio St.3d 279,] 284, [714 N.E.2d 905 (1999)]. And when a trial court 'discounts the credibility of sworn affidavits,' it should 'include an explanation of its basis for doing so.' Id. at 285, 714 N.E.2d 905.").

*Hamm's Substantive Claims*

{¶39} Hamm's petition was filed by appointed counsel in the trial court. As grounds, Hamm claims that his plea was not knowing, intelligent and voluntary because he received ineffective assistance of counsel. *Amended Petition to Vacate or Set Aside*

*Judgment of Conviction and Sentence,* filed Feb. 1, 2023 at 3. Specifically, Hamm contends that his trial counsel failed to investigate or otherwise pursue self-defense. Id. at 5. Further, Hamm argues that counsel failed to file a Notice of Self Defense. Id. at 11. Hamm also posits that he was coerced into pleading guilty.

*Hamm's guilty plea*

**{¶40}** A defendant has "the ultimate authority" to determine "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Wainwright v. Sykes*, 433 U.S. 72, 93, n. 1, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (Burger, C. J., concurring). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

**{¶41}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. The constitutional rights that the trial court must advise the defendant before accepting his or her plea are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. Id. at ¶ 31.

**{¶42}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable,

an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no-contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26, (post-release control is a non-constitutional advisement).

**{¶43}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15.

**{¶44}** Hamm does not argue that the trial court failed to comply with Crim R. 11's strict or substantial compliance requirements before accepting his guilty pleas. Further, the trial judge noted in his entry overruling Hamm's petition that he conducted a lengthy inquiry concerning each of Hamm's constitutional rights during the change of plea hearing. Without a transcript we must presume the regularity of the proceedings.

*Hamm's written waiver*

**{¶45}** A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner*, 105 Ohio St.3d 331, 2005-Ohio-1938, 826 N.E.2d 266, ¶25. In this case, Hamm signed a written plea agreement.

*Hamm's specific contentions*

*Failure to investigate self-defense*

**{¶46}** Hamm filed a Motion to Compel on August 26, 2021 that the trial court set for hearing on September 20, 2021. During the hearing, the state presented testimony and admitted twenty exhibits. See, *Judgment Entry Overruling Motion to Compel,* filed Sept. 21, 2021 at 1. The trial judge noted that during this hearing he also conducted a hearing wherein Hamm was advised of the state's plea offer and rejected the same on the record. *Entry Dismissing Petition to Vacate or Set Aside Judgment,* filed July 25, 2023 at 3, n. 2.

**{¶47}** On September 27, 2021, Hamm filed a Motion in Limine concerning testimony relating to the Ohio Narcotics Intelligence Center. Hamm also filed a Motion in Limine to preclude Hamm's prior criminal history and periods of incarceration; alleged domestic violence incidents and Hamm's alleged drug activity. Hamm also sought to exclude evidence of jail telephone calls between himself and family members for failure of the state to comply with the requirements of Crim.R. 16. On September 28, 2021, Hamm's counsel filed requests for jury instructions on self-defense.

**{¶48}** Hamm's petition contains many references to evidence that he claims supports his self-defense theory; however, Hamm does not submit anything of evidentiary quality to demonstrate that his trial attorney was unaware of the evidence or of his self-defense claim. Hamm's contentions are contradicted by the record.

*Coercion*

**{¶49}** At the change of plea hearing and again at the sentencing hearing, Hamm told the trial judge that he was satisfied with his attorney. *Entry Dismissing Petition to Vacate or Set Aside Judgment,* filed July 25, 2023 at 4. The trial judge further noted that trial counsel indicated that he had spoken with Hamm "probably at least 30 times." Id.

Hamm does not claim that he was unaware, was not properly advised or misunderstood the constitutional or non-constitutional rights that he was waiving before he entered his guilty plea. Hamm does not argue that the trial judge failed to give him an opportunity to speak or bring to the trial judge's attention any of the contentions he now seeks to raise concerning his attorney.

{¶50} Hamm's claim of coercion, moreover, is based on the potential challenge to the state's evidence and not any misrepresentation, by his trial counsel, of the state's evidence. *State v. Graham*, 6th Dist. Sandusky No. S-23-015, 2024-Ohio-1300, ¶ 27. Hamm's subsequent belief that there was a potential challenge to the state's evidence does not render his plea invalid. *See, e.g., State v. Piacella,* 27 Ohio St.2d 92, 94, 271 N.E.2d 852 (1971), *quoting Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (A plea is not invalidated by a defendant's failure to "correctly assess every relevant factor" or "because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case[.]"). *State v. Graham*, ¶ 27.

{¶51} Everything in Hamm's affidavit was known to him when he pleaded guilty and could have been brought up to the prosecutor in the Crim.R. 11 proceedings, or to the trial judge at the change of plea hearing or the sentencing hearing. *State v. Pugh*, 7th Dist. Belmont No. 23 BE 0001, 2023-Ohio-4736, ¶ 27.

*Failure to comply with Crim R. 12.2*

{¶52} Concerning Hamm's claim that counsel did not comply with Crim. R. 12.2 by filing notice of his intent to assert a self-defense claim at trial, Hamm entered his guilty plea on September 29, 2021. Crim. R. 12.2 did not become effective until July 1, 2022.

**{¶53}** Even if counsel's failure to comply with Crim R. 12.2 reflected deficient performance, Hamm has failed to establish prejudice under *Strickland.* Hamm presented nothing in the way of substantive evidence to suggest that the trial judge would have denied him the opportunity to present his self-defense case to the jury had he gone to trial.

## Conclusion

**{¶54}** We find based upon our review of the entire record, the record discloses that: (1) Hamm's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) Hamm was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both. Therefore, the guilty plea has been voluntarily and intelligently made. *See, State v. Piacella*, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), paragraph one of the syllabus.

**{¶55}** Accordingly, we find that the petition, the supporting affidavits, the documentary evidence, the files, and the records demonstrate that Hamm has not set forth sufficient operative facts to establish substantive grounds for relief. *Calhoun*, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).

**{¶56}** As Hamm did not establish substantive grounds for relief, the trial judge was not required to conduct a hearing before overruling his petition for postconviction relief. Accordingly, the trial court properly denied Hamm's petition for post-conviction relief without holding an evidentiary hearing.

**{¶57}** Hamm's sole Assignment of Error is overruled.

{¶58} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

Baldwin, J., concur