[Cite as *State v. Mack*, 2024-Ohio-6103.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 24CA26 |
| | : | |
| JOHN H. MACK, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court
of Common Pleas, Case No.
2021CR0203

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     December 31, 2024

APPEARANCES:

For Plaintiff-Appellee:

JODIE M. SCHUMACHER
RICHLAND CO. PROSECUTOR
MICHELLE FINK
Assistant Prosecutor
38 South Park St.
Mansfield, OH 44902

For Defendant-Appellant:

JOHN H. MACK, JR., PRO SE
#794-244
Allen Correctional Institution
2338 North West Street
Lima, OH 45801

*Delaney, P.J.*

{¶1} Appellant John H. Mack, Jr. appeals from the May 2, 2024 judgment entry of the Richland County Court of Common Pleas overruling his motion for release of public records. Appellee is the state of Ohio.

{¶2} The instant case is related to but not consolidated with 5th District Court of Appeals, Richland County case number 24CA25, arising from the trial court's decision overruling appellant's petition for post-conviction relief in a separate case before the trial court. Additionally, appellant's direct appeal of his convictions and sentence remains pending before this Court. 5th District Court of Appeals, Richland County case number 22CA23.

## FACTS AND PROCEDURAL HISTORY

{¶3} A statement of the facts underlying appellant's convictions and sentence are not necessary for our resolution of this appeal. In the underlying case, appellant was convicted of receiving stolen property.

{¶4} On April 2, 2024, in the trial court, appellant filed a "Motion for Release of Public Information" requesting but not limited to docket sheets and clerks' entries from all of his pending cases before the Richland County Court of Common Pleas, the Fifth District Court of Appeals, and the Ohio Supreme Court; the case file with transcripts from Richland County case number 2021 CR 221 R, which appellant referred to as the "companion case" to the instant case; and the location(s) of various pieces of evidence and reports related thereto.

{¶5} The trial court overruled appellant's motion by judgment entry dated May 2, 2024. Appellant now appeals from the trial court's entry overruling his motion for disclosure of the requested items.

{¶6}   Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶7} "I.  THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED A MOTION FOR PUBLIC RECORDS REQUEST (*SIC*) IN SUPPORT OF A JUSTICIABLE CLAIM."

{¶8} "II. THE COMMON PLEAS COURT ERRED IN DENYING MACK'S REQUEST FOR, BECAUSE HE HAD ESTABLISHED AN ENTITLEMENT TO, A FINDING FOR PURPOSES OF R.C.149.43(B)(8) THAT THE INFORMATION SOUGHT IN THE PUBLIC RECORD IS NECESSARY TO SUPPORT WHAT APPEARS TO BE A JUSTICIABLE CLAIM (*SIC* THROUGHOUT)."

**ANALYSIS**

**I., II.**

{¶9} Appellant's two assignments of error are related and will be considered together. Appellant argues the trial court should have granted his "public records request."  We disagree.

{¶10} The instant appeal is part of a larger procedural quagmire. Appellant was convicted of, e.g., aggravated murder in a separate case before the trial court.  His direct appeal in that case remains pending; in the meantime, he filed a petition for post-conviction relief, which was overruled.  Our separate opinion in the related case [24CA25] affirms the trial court's decision.

{¶11} At the time of appellant's records request, he cited three pending actions: Ohio Supreme Court case number 2024-114, which the Court declined to accept on the same day appellant filed his motion; Fifth District Court of Appeals, Richland County, case number 22CA83, which remains pending and arose from a separate trial court case, 2021 CR 221 [aggravated murder]; and the petition for post-conviction relief, also arising from his conviction in 2021 CR 221. None of the requests, therefore, arose from the case in which appellant filed the motion.

{¶12} R.C. 149.43(B)(8) states:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶13} The Ohio Supreme Court described R.C. 149.43(B)(8) as "broad and encompassing" and as "clearly set[ting] forth heightened requirements for inmates seeking public records." *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 14. A

justifiable claim does not exist where an inmate fails to identify "any pending proceeding with respect to which the requested documents would be material * * *." *State v. Benson*, 2022-Ohio-2126, ¶ 22 (5th Dist.), citing *State v. Atakpu*, 2013-Ohio-4392, ¶ 9 (2d Dist.). "[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *Id.* at ¶ 23, citing *State ex rel. Morgan v. New Lexington,* 2006-Ohio-6365, ¶ 29. Establishing a justiciable claim ordinarily involves identifying "a pending proceeding with respect to which the requested documents would be material." *State v. Jones*, 2023-Ohio-3930, ¶ 17 (5th Dist.), *appeal not allowed,* 2024-Ohio-1832, citing *State v. Heid*, 2015-Ohio-1467, ¶ 14 (4th Dist.).

{¶14} An inmate may seek appellate review of a trial court's denial of his request for public records and we review the decision for an abuse of discretion. *Jones*, supra, ¶ 15, internal citations omitted. The term "abuse of discretion" indicates an attitude that is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶15} We find no abuse of discretion in the instant case. The pending actions cited by appellant were either terminated (Ohio Supreme Court) or appellant was represented by counsel who could request appropriate appellate documents on his behalf (appeal of 21 CR 221). The requested documents had little or nothing to do with the receiving-stolen-property case in which appellant filed the motion. Appellant therefore failed to establish a justiciable claim in the case in which he filed the records request. Appellant failed to meet the threshold requirements of a public records document request pursuant to R.C. 149.43.(B)(8) and the trial court did not abuse its discretion in denying the motion.

**CONCLUSION**

{¶16} Appellant's two assignments of error are overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Hoffman, J., concur.