[Cite as *State v. Mack*, 2024-Ohio-6102.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 24CA25 |
| | : | |
| JOHN H. MACK, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court
of Common Pleas, Case No.
2021CR0221R

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     December 31, 2024

APPEARANCES:

For Plaintiff-Appellee:

JODIE M. SCHUMACHER
RICHLAND CO. PROSECUTOR
PHILIP D. BOGDANOFF
Special Assistant Prosecutor
38 South Park St.
Mansfield, OH 44902

For Defendant-Appellant:

JOHN H. MACK, JR., PRO SE
#794-244
Allen Correctional Institution
2338 North West Street
Lima, OH 45801

*Delaney, P.J.*

{¶1} Appellant John H. Mack, Jr. appeals from the May 3, 2024 judgment entry of the Richland County Court of Common Pleas overruling his petition for post-conviction relief. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose when appellant's fiancée Jane Doe disappeared on or around February 24, 2021. Doe and appellant were estranged and Doe and her children had recently moved out of a residence she shared with appellant. Doe told friends and family members she intended to return to the residence briefly to retrieve her personal belongings. Friends and family were apprehensive and contacted police when they were unable to reach Doe.

{¶3} A subsequent investigation found telling clues at the residence. Neighbors noticed appellant had two large outdoor fires despite a cold day. Blood spatter was found inside the residence and the blood was identified as Doe's. Burnt glasses and underwear, also determined to be Doe's, were found in the firepit. A family member living at the residence told police a rug was missing and a smear mark had appeared on the wall; parts of walls had been suddenly repainted. Doe's cell phone was found in a park. The residence and garage smelled of bleach and ammonia.

{¶4} Finally, Doe's abandoned vehicle was located in the parking lot of an apartment complex a short distance from the residence. Police found Doe's remains in the trunk; her ankles were bound with a belt; her hair had been cut off; and her body showed signs of strangulation including a fractured neck vertebra and petechial

hemorrhaging.  A forensic pathologist determined Doe's cause of death was multiple blunt force trauma.

{¶5}  An extensive review of the parties' cell phones and video evidence demonstrated appellant's movements after Doe disappeared and connected him to her abandoned car and the cleanup of the residence.

{¶6}  Appellant was charged with numerous offenses including Doe's aggravated murder; kidnapping; abduction; tampering with evidence; gross abuse of a corpse; theft of a motor vehicle; domestic violence; and obstructing official business.  Appellant entered pleas of not guilty and sought to suppress various pieces of appellee's evidence. The motion to suppress was overruled, as was a motion to dismiss for lack of a speedy trial. Prior to trial, appellee dismissed the death penalty specification. Appellant was found guilty as charged and sentenced to an aggregate term of life in prison.

{¶7} Appellant filed a direct appeal of his conviction and sentence,  which  remains pending in 5th District Court of Appeals, Richland Case Number 22CA83.

{¶8}  Appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21 which  was  overruled  by  the  trial  court. Appellant now appeals from the trial court's decision of May 3, 2024 overruling his petition for post-conviction relief.

{¶9}   Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶10} "I.  THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO INCLUDE IN THE DECISION AND ENTRY A SUFFICIENT EXPLANATION FOR ITS BASIS FOR DISCOUNTING THE CREDIBILITY OF THE SWORN AFFIDAVIT

(DOCUMENTS) IN SUPPORT OF THE INMATE'S PETITION FOR POST-CONVICTION RELIEF UNDER R.C. 2953.21."

{¶11} "II. TRIAL COURT ERRED BY DENYING THE MOTION FOR RELIEF FROM JUDGMENT WITHOUT AN EVIDENTIARY HEARING BECAUSE THE MOTION SET FORTH OPERATIVE FACTS ARGUABLE DEMONSTRATING ENTITLEMENT TO RELIEF."

## ANALYSIS

### I., II.

{¶12} Appellant's two assignments of error are related and will be considered together. Appellant argues the trial court erred in overruling his petition for post-conviction relief without a hearing and failed to properly support its rationale in the entry overruling the petition. We disagree.

{¶13} R.C. 2953.21(A) states in pertinent part:

(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶14} We review a decision to grant or deny a petition for postconviction relief, including the decision whether to afford the petitioner a hearing, under an abuse-of-

discretion standard. *State v. Hatton*, 2022-Ohio-3991, ¶ 38, *citing State v. Gondor*, 2006-Ohio-6679, ¶ 51-52, 58.

{¶15} A post-conviction proceeding is a collateral civil attack on a criminal conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). In order to obtain post-conviction relief, a petitioner must show "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States [.]" R.C. 2953.21.

{¶16} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *Calhoun*, 86 Ohio St.3d at 282. The Ohio Supreme Court has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing include the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and the operation of res judicata to bar the constitutional claims raised in the petition. *Calhoun,* supra, at paragraph two of the syllabus; *State v. Lentz*, 70 Ohio St.3d 527, 530 (1994).

{¶17} R.C. 2953.21 does not expressly mandate a hearing for every post-conviction relief petition and a hearing is not automatically required. In *State v. Jackson*, 64 Ohio St.2d 107 (1980), the Ohio Supreme Court in stated the pivotal concern in determining whether a hearing must be held is whether there are substantive grounds for relief based upon the petition, supporting affidavits, and files and records of the case. As the Supreme Court further explained in *Jackson,* "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." *Id.* at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted.

Accordingly, "a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun,* 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).

{¶18} When reviewing a post-conviction petition a trial court "should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as "true statements of fact" or "discard frivolous claims." *State v. Hamm*, 2024-Ohio-1621, ¶ 36 (5th Dist.), citing *Calhoun*, supra, 86 Ohio St.3d 279, 282 (1999).

{¶19} In the instant case, the trial court overruled appellant's petition via a 37-page judgment entry meticulously reciting the facts and procedural history of the case, and examining appellant's arguments and supporting documentary evidence for post-conviction relief. The trial court ultimately determined appellant's documentation contained only "broad assertions and speculations without a demonstration of prejudice and without operative facts to support his claims."

{¶20} Upon our review of appellant's arguments before the trial court and on appeal, we agree with the trial court that appellant's arguments arising from the record at trial could have been argued on direct appeal and are therefore res judicata. We recognize this is an unusual procedural posture in which we review a petition for post-conviction relief as the direct appeal is still pending, but appellant's claims arising from the trial record are not properly before us on a petition for post-conviction relief. Those claims may properly be considered in the direct appeal.

{¶21} Res judicata is a proper basis upon which to deny a petition for post-conviction relief without holding an evidentiary hearing. *State v. Lentz,* 70 Ohio St.3d 527, 530 (1994); *State v. Perry*, 10 Ohio St.2d 175 (1967). Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. It is well settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997).

{¶22} Appellant's claims arising outside the trial record [suppression of favorable evidence by appellee; prosecutorial misconduct], on the other hand, are not supported by substantive evidence or by sworn affidavits demonstrating his claims. The sole affidavit presented--of a Captain with the Richland County Sheriff's Department--does not support appellant's claims of suppression of evidence and prosecutorial misconduct.

{¶23} Generally, appellant's allegations of ineffective counsel arising from evidence outside the record would be reviewable in a petition for post-conviction relief pursuant to the two-part analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner must prove that counsel's performance fell below an objective standard of reasonable representation and there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id.* Again, before a hearing is granted in proceedings for post-conviction relief upon a claim of

ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any of defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness. *Calhoun,* 86 Ohio St.3d at 289.

{¶24} The Ohio Supreme Court has stated that where a defendant is represented by different counsel on direct appeal and "fails to raise [in the direct appeal] the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for post-conviction relief." *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus*.*

{¶25} Appellant argues defense trial counsel was ineffective in failing to investigate all evidence seized in the case, citing the affidavit of the captain of the Richland County Sheriff's Department. The affidavit does not support appellant's conclusion that counsel failed to properly investigate the evidence.

{¶26} Ultimately review of this case as a petition for post-conviction relief is stymied by its procedural posture. Nevertheless, we are required to determine whether the trial court abused its discretion in overruling the petition as supported by the documentation appellant chose to submit. Upon our review of the petition, appellant's supporting materials, and the trial court's well-reasoned, comprehensive decision, we are unable to find an abuse of discretion.

**CONCLUSION**

{¶27} Appellant's two assignments of error are overruled and the judgment of the Richland County Court of Common Pleas is affirmed.


By: Delaney, P.J.,

Gwin, J. and

Hoffman, J., concur.