**[Cite as *State v. Mack*, 2025-Ohio-1990.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                         |   |   JUDGES:                      |
|-------------------------|---|--------------------------------|
| STATE OF OHIO           | : | Hon. William B. Hoffman, P.J.  |
|                         | : | Hon. Robert G. Montgomery, J.  |
| Plaintiff-Appellee      | : | Hon. Kevin W. Popham, J.       |
|                         | : |                                |
| -vs-                    | : |                                |
|                         | : | Case No. 2025-CA-0014          |
| JOHN H. MACK, JR.       | : |                                |
|                         | : |                                |
| Defendant-Appellant     | : | <u>OPINION</u>                 |

CHARACTER OF PROCEEDING:    Appeal from the Richland County Court of
                            Common Pleas, Case No. 2021-CR-0221R

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     June 2, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE M. SCHUMACHER                       JOHN H.MACK, JR. Pro Se
Prosecuting Attorney                      #794-244
BY: MICHELLE FINK                         Allen Oakwood Correctional Institution
Assistant Prosecutor                      2338 North West Street
38 South Park Street                      Lima, OH 45801
Mansfield, OH 44902

*Popham, J.,*

**{¶1}** Appellant John H. Mack, Jr. appeals from the January 31, 2025, judgment entry of the Richland County Court of Common Pleas overruling his "motion to access the trial record." Appellee is the State of Ohio. For the following reasons, we affirm the trial court.

*Facts & Procedural History*

**{¶2}** In 2022, a jury found appellant guilty of seventeen counts, including two counts of aggravated murder, two counts of murder, two counts of kidnapping, six counts of tampering with evidence, abduction, grand theft of a motor vehicle, gross abuse of a corpse, domestic violence, and obstructing official business. Appellant was sentenced to life in prison. In a separate case, appellant was convicted of receiving stolen property.

**{¶3}** On January 15, 2025, Appellant filed a "motion to access the trial record", arguing that he needed the "full trial court record," "prosecutor's file," and "sheriff's file", in order to demonstrate the trial court failed to give him the required Violent Offender Database notifications pursuant to R.C. 2903.42(A)(1).

**{¶4}** On January 31, 2025, the trial court issued a judgment entry denying the motion to access the trial record. The trial court found appellant failed to demonstrate the records he requested were necessary to support his claim because either the court gave appellant the notification pursuant to R.C. 2903.42(A)(1), or it did not. The trial court stated appellant does not require either the full trial court record, the prosecutor's file, or the sheriff's file to determine if he was provided with the notification. Further, the trial court found there was no pending proceeding that appellant could specifically identify for

which he needed the records, and his counsel in his direct appeal could have requested any transcripts or documents necessary for his direct appeal.

{¶5} Appellant has filed numerous cases with this Court and the Supreme Court of Ohio. Notably, several of these cases involved his requests for public records. In *State v. Mack*, 2024-Ohio-6103 (5th Dist.), we affirmed the trial court's denial of appellant's public records request in the receiving stolen property case, finding no justiciable claim existed in a pending proceeding in which the documents would be material. The Supreme Court of Ohio denied jurisdiction of appellant's appeal of our decision in *State v. Mack*, 2025-Ohio-1283. In *State ex rel. Mack v. Ohio State Hwy. Patrol Centr. Records*, 2025-Ohio-1332, the Supreme Court of Ohio denied appellant's writ of mandamus in which he asked the Court to order the Ohio State Highway Patrol to produce records.

{¶6} This Court also affirmed the trial court's denial of appellant's petition for post-conviction relief in *State v. Mack*, 2024-Ohio-6102 (5th Dist.). The Supreme Court of Ohio declined jurisdiction of appellant's subsequent post-conviction relief appeal. *State v. Mack*, 2025-Ohio-1483. Although appellant's post-conviction relief appeal has been adjudicated, in an unusual procedural situation, appellant's direct appeal is still pending, due to the necessity of reappointing appellate counsel and the re-briefing of the case. However, as of the date of appellant's motion to access the trial record, January 15, 2025, the briefing in appellant's direct appeal was complete, oral argument had been held, and the case was submitted to this Court for review. Though appellant filed additional appeals and original actions with this Court and the Supreme Court of Ohio after the issuance of the trial court's January 31st decision in this case, for purposes of our analysis, the only

proceeding pending at the time the trial court issued its decision on appellant's motion to access the trial record was his direct appeal.

{¶7}   Appellant appeals the January 31, 2025, judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶8}   "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO ACCESS THE TRIAL RECORD TO SUPPORT A 'JUSTICIABLE CLAIM'."

I.

{¶9}   Appellant filed his motion to access records pursuant to R.C. 149.43(B)(8), which provides as follows:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a *justiciable claim* of the person.  (Emphasis added)

{¶10}  The Supreme Court of Ohio described R.C. 149.43(B)(8) as "broad and encompassing" and as "clearly set[ting] forth heightened requirements for inmates

seeking public records." *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 14. A justiciable claim does not exist where an inmate fails to identify "any pending proceeding with respect to which the requested documents would be material . . .". *State v. Benson*, 2022-Ohio-2126, ¶ 22 (5th Dist.). "[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the record at issue." *Id.* at ¶ 23, citing *State ex rel. Morgan v. New Lexington*, 2006-Ohio-6365, ¶ 29.

{¶11} We review a trial court's denial of an inmate's request for public records for an abuse of discretion. *Id.* The term "abuse of discretion" indicates an attitude that is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} Appellant makes two separate arguments for release of records in accordance R.C. 149.43. First, he argues that R.C. 149.43(B)(8) does not require a claim or proceeding be "pending" and information can be requested for a "future filing" or "in advance of filing a claim." However, this Court's precedent clearly establishes that, in order for an incarcerated person to meet the requirements contained in R.C. 149.43(B)(8), he or she must identify a *pending* proceeding to which the requested documents would be material, not a future proceeding. *State v. Jones*, 2023-Ohio-3930 (5th Dist.); *State v. Mack*, 2024-Ohio-6103 (5th Dist.); *State v. Benson*, 2022-Ohio-2126.

{¶13} Second, appellant argues his direct appeal is a "pending proceeding" that meets the requirements of R.C. 149.43(B)(8). However, even appellant concedes in his motion and appellate brief that, in his direct appeal, "no further briefing is permitted." Further, appellant is represented by counsel in his direct appeal. It is well established that, although a defendant has the right to counsel or to proceed pro se, "these two rights

are independent of each other and may not be asserted simultaneously." *State v. Martin*, 2004-Ohio-5471; *State v. Teagarden*, 2018-Ohio-3767 (5th Dist.). Thus, as the trial court noted, his appellate counsel could request appropriate documents on his behalf in his direct appeal.

{¶14} Finally, the sole issue for which appellant argues he needs the "full trial court record," "prosecutor's file," and "sheriff's file" is to prove that the trial court did not provide him the appropriate notifications as required by R.C. 2903.42(A). However, whether these notifications were given is readily ascertainable by reading the transcripts. The transcripts of the trial and sentencing hearing were docketed on the trial court's docket on March 1, 2023, and prepared at the State's expense, provided to appellate counsel, and made part of the record in appellant's direct appeal. Neither the "full trial court record," "prosecutor's file," or "sheriff's file" is thus necessary to support any justiciable claim.

{¶15} Appellant failed to establish a justiciable claim and thus failed to meet the threshold requirement of a public records request pursuant to R.C. 149.43(B)(1). Accordingly, the trial court did not abuse its discretion in denying appellant's motion.

{¶16} Based on the foregoing, appellant's assignment of error is overruled.

{¶17} The January 31, 2025, judgment entry of the Richland County Court of Common Pleas is affirmed.

By Popham, J.,

Hoffman, P.J., and

Montgomery, J., concur