[Cite as *State v. Matthews*, 2024-Ohio-1071.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | | |
|---|---|---|
| State of Ohio | Court of Appeals No. | OT-23-017 |
| | | OT-23-035 |
| Appellee | Trial Court No. | 21-CR-022 |
| | | 21-CR-051 |
| v. | | |
| Michael Matthews | **DECISION AND JUDGMENT** | |
| Appellant | Decided: March 22, 2024 | |

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Michael Matthews, pro se.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} This consolidated matter is before the court on appeal of the summary denial

of a petition for postconviction relief by the Ottawa County Court of Common Pleas.

Finding no error, we affirm.

## II. Facts

{¶ 2} Appellant/petitioner, Michael Matthews, was convicted after a guilty plea in two cases in the Ottawa County Common Pleas Court, with the trial court accepting the plea and imposing sentence on September 30, 2021.

{¶ 3} In case No. 21-CR-22, Matthews entered a guilty plea to Count One of the indictment, trafficking in drugs (cocaine) in violation of R.C. 2925.03(A)(2) and (C)(4)(f), a felony of the first degree, with two forfeiture specifications regarding a 2005 Honda Accord and $1,418.00 in cash. In case No. 21-CR-51, Matthews entered a guilty plea to Count Three of the indictment, aggravated trafficking in drugs (methamphetamine) in violation of RC. 2925.03(A)(1) and (C)(1)(d), a felony of the second degree, with two forfeiture specifications regarding a 2005 Honda Accord and $1,418.00 in cash.

{¶ 4} The written plea agreement, signed by Matthews and filed in each case, included the trial court's explanation of the consequences of his plea and recited the constitutional rights Matthews gave up by entering his plea. The agreement also recited Matthews' satisfaction with his trial counsel and his understanding of "the nature of this charge and the possible defenses I might have." The written plea agreement listed the promises made as part of the agreement, including stipulations to forfeiture of the 2005 Honda Accord and forfeiture of the cash seized and the state's agreement to dismiss "Count Two in case No. 21-CR-22," and "Counts One, Two, and Four through Fifteen" in

2.

case No. 21-CR-51. In pleading guilty, Matthews acknowledged he waived his "right to appeal matters in this case occurring prior to sentencing."

{¶ 5} The trial court found Matthews guilty of the two counts, Count One in case No. 21-CR-22 and Count Three in case No. 21-CR-51, and proceeded to sentencing. The trial court imposed the recommended sentence, resulting in an aggregate definite prison term of 10 years and a maximum, indefinite term of 12-and-a-half years. The trial court ordered forfeiture of the Honda and the cash.

{¶ 6} Matthews filed no direct appeal and never sought to withdraw his guilty plea.

{¶ 7} On October 14, 2022, Matthews filed a petition to set aside the conviction pursuant to R.C. 2953.21. While timely filed under R.C. 2953.21(A)(2)(a), the petition mainly challenged the evidence in the underlying cases, arguing the use of a GPS tracking device was a warrantless search that should have been challenged by his trial counsel. Matthews argued that his trial counsel's failure to pursue this issue and counsel's advice to Matthews to enter a guilty plea constituted ineffective assistance of counsel. Matthews filed his own affidavit with his petition, attesting to the unlawful installation of a GPS device without a warrant and stating his trial counsel "informed me that the Task Force did not obtain a warrant to install and monitor the GPS placed on my vehicle but, colluded with my parole officer and was granted permission to install the GPS on my vehicle." Matthews argued that his counsel's failure to pursue a "viable legal defense" in lieu of advising Matthews to enter a plea resulted in an improper plea.

3.

{¶ 8} On October 21, 2022, the state of Ohio filed a response in opposition and motion for summary judgment, arguing Matthews's petition was based on an incorrect assertion regarding a warrantless search. The state noted that police obtained warrants to attach the GPS monitor to Matthews' vehicle. The state also argued the doctrine of res judicata barred Matthews' claims.

{¶ 9} On November 28, 2022, Matthews filed a motion seeking leave to file a reply brief, instanter.[1] The trial court did not grant the motion.

{¶ 10} On January 20, 2023, Matthews filed a motion seeking leave to amend his petition. Matthews sought to introduce evidence, including a new affidavit in which Matthews attested to "invalid" warrants to install a GPS device. Matthews also stated he consulted with another inmate who also experienced "the unlawful actions regarding The Ottawa County Drug Task Force" and Matthews attested to a desire "to help expose the similar systemic corruption that led to my conviction." Matthews also attached copies of the affidavits in support of the GPS warrants and the affidavit of the other inmate regarding issues relative to that separate, unrelated case. The trial court did not grant Matthews' motion for leave to amend.

{¶ 11} On February 21, 2023, Matthews filed a request for discovery under R.C. 2953.21(A)[1](e), which pertains to discovery for a petition filed on behalf of "a person who has been sentenced to death[.]" Matthews requested discovery of evidence obtained

---

[1] Because the trial court did not grant the motion, a copy of the brief is not filed in the record of the case.

4.

through electronic surveillance, an original copy of the order permitting surveillance with supporting affidavits, any reports authored by law enforcement concerning the surveillance, the names and agency of each member of law enforcement who participated in the surveillance, all interdepartmental or intergovernmental memos or reports related to the surveillance, and "any and all other relevant, pertinent, and discoverable materials" in the state's possession. The trial court did not grant the request for discovery.

{¶ 12} On April 24, 2023, the trial court denied the petition for postconviction relief, finding res judicata barred the petition.

{¶ 13} On April 24, 2023, about an hour after journalization of the trial court's judgment denying the petition, Matthews filed a second motion for leave to amend his petition for postconviction relief. Within his motion, Matthews acknowledged his guilty plea waived his claim of ineffective assistance of counsel, except for a challenge relative to the knowing, intelligent, voluntary nature of his guilty plea. Matthews argued for the first time that, because his trial counsel failed to file a motion to suppress, his guilty plea was not knowing, intelligent, and voluntary. In support, Matthews largely reiterated prior argument addressing the validity of the search using GPS devices, stating his trial counsel's failure to successfully challenge the validity of the search caused him to enter his guilty plea.

{¶ 14} On May 5, 2023, the trial court denied the motion seeking leave to amend the petition. In its decision, the trial court noted that Matthews' request for leave sought

5.

to elaborate on issues that were deemed barred by res judicata, finding:

> [F]urther discussion of the same issues, even in more detail, would not change the legal theory of 'res judicata.' These matters could have, and maybe should have, been raised on direct appeal. They were not raised and additional information about these issues will not change the Court's decision.

{¶ 15} This appeal followed.

### III. Assignment of Error

{¶ 16} On appeal, Matthews asserts the following as error:

**ASSIGNMENT OF ERROR NO. I:**

The trial court erred and abused its discretion in dismissing Appellant's Petition for Postconviction Relief on grounds that the issues presented therein were barred by the doctrine of res judicata where Appellant sets forth competent, relevant, and material evidence de hors the record.

**ISSUE PRESENTED FOR REVIEW:**

Where the issues presented in a petition for postconviction relief sets forth competent, relevant, and material evidence de hors the record, does the trial court errs [sic.] and abuses [sic.] its discretion in dismissing Appellant's Petition for Postconviction Relief on grounds that the issues presented therein were barred by the doctrine of res judicata.

## IV. Analysis

{¶ 17} Matthews challenges the denial and dismissal of his petition for postconviction relief, without hearing, with no challenge relative to the denial of his motion to amend. We generally review the trial court's decision to deny the petition without hearing for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. However, where a trial court summarily denies the petition on purely legal grounds (such as res judicata), we apply de novo review. *State v. Boaston,* 6th Dist. Lucas No. L-17-1278, 2021-Ohio-360, ¶ 44, citing *State v. Osley,* 6th Dist. Lucas No. L-17-1164, 2017-Ohio-8373, ¶ 8, citing *State v. Willis,* 2016-Ohio-335, 58 N.E.3d 515, ¶ 7 (6th Dist.).

{¶ 18} To merit hearing, a petition must present substantive grounds for relief as determined by the court after a review of the petition "in the context of the entire record in the case[.]" *State v. Belton,* 6th Dist. Lucas No. L-20-1121, 2023-Ohio-294, ¶ 51, quoting *State v. Blanton,* 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶ 24. "A petition presents substantive grounds for relief when it contains allegations that are sufficient to state a constitutional claim and the files and records of the case do not affirmatively disprove the claim." *Belton* at ¶ 51, quoting *Blanton* at ¶ 24, citing *State v. Milanovich,* 42 Ohio St.2d 46, 60, 325 N.E.2d 540 (1975); R.C. 2952.21(F).

{¶ 19} As an initial matter, we note that Matthews entered a guilty plea, has never sought to withdraw that plea, and in arguing ineffective assistance of counsel, fails to address the plea itself. Notably, Matthews did not request a transcript of those

7.

proceedings for purposes of his petition for postconviction relief and, therefore, the record on appeal does not include the transcript of the change of plea hearing. Instead, the record is limited to Matthews' signed plea agreement, with the writing stating a waiver of all issues that preceded sentencing, an understanding of the nature of the charges and the possible defenses, and satisfaction with the advice of counsel. We are limited to this record. *See State v. Ishmail,* 54 Ohio St.2d 402, 406, 377 N.E.2d 500 (1978) (where trial court does not review transcript of plea hearing, the transcript is not part of the record reviewed by the appellate court).

{¶ 20} Because a guilty plea is conclusive, "courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." *State v. Milanovich,* 42 Ohio St.2d 46, 49, 325 N.E.2d 540 (1975), quoting *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed.1009 (1927). A trial court must engage in a colloquy with the defendant and inform the defendant that, by pleading guilty, they are waiving constitutional rights, including the requirement that the prosecution prove guilt beyond a reasonable doubt. *See State v. Lawson,* 165 Ohio St.3d 445, 2021-Ohio-3566, 179 N.E.3d 1216, ¶ 77-78, citing *State v. Ballard,* 66 Ohio St.2d 473, 423 N.E.2d 115 (1981) and Crim.R. 11(C)(2)(c).

{¶ 21} In this case, the trial court did not reach the merits of Matthews' claim of ineffective assistance of counsel, finding Matthews' challenge was based on matters that could have been raised in a direct appeal. "In criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal if he or

8.

she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis sic.) *State v. Davis,* 6th Dist. Lucas No. L-22-1100, 2022-Ohio-4767, ¶ 19, citing *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 92.

{¶ 22} Matthews alleged his trial counsel provided ineffective assistance, based on counsel's failure to challenge the validity of the search via a GPS device attached to his vehicle. In support, Matthews attested in his affidavit that his counsel informed Matthews that the state never obtained a warrant for a GPS placement, but instead obtained consent of Matthews' parole officer to use a GPS device. Despite this potential defense, his trial counsel advised Matthews to enter a guilty plea. Matthews could have challenged his trial counsel's performance, relative to this claim, in a direct appeal. *See, e.g., State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992) (despite the consequences of a guilty plea, a defendant may challenge the effectiveness of counsel relative to the "voluntary and intelligent character of the guilty plea" in a direct appeal).

{¶ 23} Matthews' challenge regarding ineffective assistance of counsel concerns the failure of counsel to challenge admissibility of the evidence, arguing an improper search using a GPS device. Based on his guilty plea, Matthews waived any evidentiary challenge based on an illegal search, with an exception for appeal of the plea itself based on claims that Matthews was induced or coerced into entering his plea. *State v. Kelley,* 57 Ohio St.3d 127, 130, 566 N.E.2d 658 (1991). While Matthews does argue his plea could not be knowing, intelligent, or voluntary, based on his counsel's failure to file a motion to

9.

suppress, Matthews cites to nothing in the record of his case that demonstrates an induced or coerced plea, a matter that could have been raised on appeal. *See Kelley* at 130. Furthermore, Matthews presents no evidence, de hors the record, that creates a substantive issue concerning the validity of his plea for purposes of postconviction relief.

{¶ 24} To merit consideration regarding his ineffective assistance claims, Matthews must support his petition for postconviction relief with evidence *de hors* the record showing his "counsel's performance was deficient and that the deficient performance prejudiced [Matthews]." *State v. Bunch,* 171 Ohio St.3d 775, 2022-Ohio-4723, 220 N.E.3d 773, ¶ 26, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this case, Matthews relied on his own affidavit that challenged the validity of the search based on information he possessed at the time he entered his guilty plea, with the guilty plea waiving any defect prior to his plea. *Kelley* at 130. Matthews' remaining argument addressed the validity of his plea, with no evidence proffered to demonstrate an induced or coerced plea. With no new evidence, de hors the record, this was an issue that could have been addressed in a direct appeal. Thus, the trial court correctly found the matters raised were barred by the doctrine of res judicata and summarily denied the petition.

{¶ 25} Therefore, based on our review of Matthews' petition, the record, and applicable law, we find the sole assignment of error not well-taken.

10.

## V. Conclusion

{¶ 26} Finding substantial justice has been done, we affirm the judgment of the Ottawa County Court of Common Pleas. Appellant, Michael Matthews, is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.