[Cite as *State v. Acosta*, 2025-Ohio-1847.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-24-1140

     Appellee                                      Trial Court No.  CR0201902038

v.

Angelo B. Acosta                                   **DECISION AND JUDGMENT**

     Appellant                                     Decided:  May 23, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Angelo B. Acosta, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Angelo Acosta, appeals from a judgment of the Lucas County

Court of Common Pleas denying his petition for postconviction relief and his motion for

disclosure of grand jury transcripts. For the reasons that follow, the trial court's judgment

is affirmed.

## Statement of the Case and Facts

{¶ 2} Following a search of Acosta's house on May 10, 2019, two complaints were filed against him in the Toledo Municipal Court. Each stated that "[Acosta] did possess over 27 grams of cocaine, in over 100 individual bags, which was field tested, along with numerous drug trafficking tools, including digital scales and cutting agents, along with other narcotics and a large amount of cash ($4,500), in his room during a search warrant, as observed by this unit."

{¶ 3} On June 14, 2019, Acosta was indicted in case No. CR 2019-2038 with a two-count indictment. Count 1 charged him with trafficking in cocaine, a felony of the first degree, in violation of R.C. 2925.03(A)(2) and (C)(4)(e); and Count 2 charged him with possession of cocaine, a felony of the second degree, in violation of R.C. 2925.11(A) and (C)(4)(d). Both counts specified that the controlled substance at issue was "cocaine or a compound, mixture, preparation, or substance containing cocaine."

{¶ 4} Items seized during the May 10, 2019 search were submitted to the Toledo Police Forensic Laboratory for testing. The laboratory tested 20 items between June 13 and August 28, 2019. A formal report of the testing was not issued until September 25, 2019.

{¶ 5} On the scheduled trial date of September 3, 2019, the State requested that the trial be rescheduled, stating:

> [T]here has been testing done of two of the items that relate to the two counts, 1 and 2, filed in this case. There has not been an official laboratory report generated with those test results.

2.

However, there was confirmation from the lab via e-mail that the testing was done as it relates to Counts 1 and 2 in this case. There were other items that were submitted for things that have not been tested at all by the lab.

{¶ 6} The State produced the September 25, 2019 Toledo Police Forensic Laboratory drug-analysis report on September 25, 2019. The report indicated that 16 of the 20 items tested proved positive for such controlled substances as heroin, cocaine, and oxycodone.

{¶ 7} Two days after the report was provided, Acosta was also indicted in case No. CR 2019-2703. That case involved additional counts of trafficking, possession, and illegal manufacture of a variety of drugs.

{¶ 8} Acosta entered pleas of guilty in both cases on January 27, 2020. As relevant to the current appeal, Acosta pleaded guilty in case No. CR 19-2038 to Count 1 as amended to trafficking in cocaine, a felony of the second degree. The trial court accepted the guilty plea and scheduled sentencing for a later date.

{¶ 9} At some point prior to February 14, 2020, Acosta indicated to the trial court that he wanted to withdraw his guilty pleas in both cases. On February 14, 2020, he described the reasons behind his desire to withdraw. He said his medication had affected his understanding at the time the pleas were entered and that he "was under a lot of confusion." When the trial court asked specifically what he was confused about, Acosta answered "the drug testing was not done correctly and that is what I was really concerned about."

3.

{¶ 10} The trial court, after hearing Acosta's statements, expressed discomfort with maintaining the guilty pleas. Defense counsel was granted a break to speak with her client, and when the proceedings resumed approximately one hour later, the earlier pleas were vacated and Acosta entered new guilty pleas in each of the two cases. As before, Acosta pleaded guilty in case No. CR 19-2038 to Count 1 as amended to trafficking in cocaine, a felony of the second degree. In a statement to the court that was made on the record and in Acosta's presence defense counsel recognized that there had been a delay in the drug testing process as it related to that case. Specifically, defense counsel stated: "The examination date of the cocaine, Your Honor, was done according to the Toledo Police Department Drug Analysis Forensic Laboratory Report on June 13, 2019 and June 17, 2019, which resulted in the [June 14, 20219] indictment." Immediately after entering his guilty pleas, Acosta was sentenced to six years in prison on the sole count in CR 19-2038. Acosta filed an appeal, and this court affirmed the convictions and sentences in both cases in *State v. Acosta*, 2021-Ohio-757 (6th Dist.).

{¶ 11} On August 4, 2023, more than three years after the transcripts were filed in this court, Acosta, pro se, filed the present petition both in case No. CR 19-2038 and in case No. CR 19-2703.

{¶ 12} On October 10, 2023, Acosta, pro se, filed in case No. CR 19-2038 a "Motion of Secrecy and Disclosure of Evidence," in which he sought disclosure of the evidence and testimony that was presented in the grand jury proceedings that culminated in the indictment against him.

4.

{¶ 13} On February 23, 2024, Acosta filed an original action in this court, seeking a writ of procedendo against the trial court judge to compel him to rule on Acosta's August 4, 2024 petitions for postconviction relief. Thereafter, this court granted Acosta's motion for leave to file an amended writ of procedendo that contained additional allegations that the trial court had not timely ruled on his motion of secrecy and disclosure of evidence.

{¶ 14} On May 14, 2024, the trial judge, without a hearing, issued a decision in both cases denying "the petitioner's filings." As justification for its denial, the trial court found that Acosta's petitions were untimely and, also, that there were no grounds for relief.

{¶ 15} On May 16, 2024, the trial judge filed a motion to dismiss the petition for a writ of procedendo. On May 31, 2024, this court granted the motion to dismiss, finding that "the respondent considered relator's petitions for postconviction relief, as well as his related filings, and entered judgment on [all of] the pending motions," including the motion of secrecy and disclosure of evidence.

{¶ 16} Acosta filed the instant appeal from case No. CR 19-2308 on June 11, 2024.[1] He appeals from both the denial of his petition for postconviction relief and the denial of his motion of secrecy and disclosure of evidence.

---

[1] In July 2024, Acosta attempted to appeal the denial of the petition in case No. CR 2019-2703 by filing a motion for leave to file a delayed appeal. This court denied that motion on August 12, 2024.

5.

## Assignments of Error

{¶ 17} On appeal, Acosta asserts the following assignments of error:

I.   Appellant was unavoidably prevented from discovery.

II.  No reasonable factfinder would have found appellant guilty[,] violating his due process under the Fourteenth Amendment to the U.S. Constitution.

III. The trial court erred in denying appellant disclosure of the evidence that was presented to the grand jury on June 14, 2019 [in] case No. CR20192038.

IV.  Probable cause never existed[,] violating appellant's Fourth Amendment Right to the United States Constitution.

V.   Appellant was denied his right to effective assistance of counsel guaranteed by the Sixth Amendment to the U.S. Constitution.

VI.  Ineffective assistance of counsel caused appellant's plea to be less than knowing, intelligent, and voluntary.

## Law and Analysis

### I. Standards of Review

### A. Petition for postconviction relief

{¶ 18} Where a trial court denies a petition for postconviction relief without a hearing, appellate courts generally review the decision for an abuse of discretion. *State v. Matthews*, 2024-Ohio-1071, ¶ 17 (6th Dist.). But where a trial court denies the petition on purely legal grounds, de novo review is appropriate. *Id.*

### B. Motion Requesting Disclosure of Grand Jury Proceedings

{¶ 19} An appellate court reviews a decision denying a motion for release of grand jury transcripts under an abuse-of-discretion standard. *Desmond v. State*, 2020-Ohio-181, ¶ 21, citing *Wurth v. Emro Marketing Co.*, 125 Ohio App.3d 494, 500 (6th Dist.).

### II. The trial court lacked jurisdiction to entertain Acosta's petition for postconviction relief because the petition was untimely filed and did not satisfy the requirements set forth in R.C. 2953.23(A) for an untimely petition.

{¶ 20} In general, the time limitation for filing a petition for postconviction relief is within 365 days after the date that the transcripts are filed in a direct appeal. R.C. 2953.21(A)(2). In this case, the trial transcripts were filed on June 26, 2020. Acosta's August 4, 2023 petition was filed more than three years after the date the transcripts were filed and, thus, was filed more than two years late.

{¶ 21} R.C. 2953.23(A) permits late filings of petitions for postconviction relief under only a few specific circumstances:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

7.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

Here, the parties do not dispute that the exception set out in R.C. 2953.23(A)(2) is inapposite to this appeal. Thus, we confine our analysis to the question of the applicability of R.C. 2953.23(A)(1).

{¶ 22} We begin by considering the alternative requirements of R.C. 2953.23(A)(1)(a). Because Acosta makes no claim suggesting the retroactive applicability of a new federal or state right, we limit our review to the question of whether Acosta was unavoidably prevented from discovering the facts upon which he relies in his claim for relief. The phrase "unavoidably prevented" as used in R.C. 2953.23(A)(1)(a) "means that a defendant was unaware of those facts and was unable to learn them through reasonable diligence." *State v. Turner*, 2007-Ohio-1468, ¶ 11 (10th Dist.), citing *State v. McDonald*, 2005-Ohio-798, ¶ 19 (6th Dist.).

8.

{¶ 23} Here, Acosta's assignments of error are all predicated on a claim that because the indictment in this case was brought before the return of lab results confirming the identity of the substances seized in this case, there was no evidence upon which to charge him and, thus, the indictment against him was invalid.

{¶ 24} The merits of this overall argument notwithstanding, Acosta cannot show that he was "unavoidably prevented" from discovering the facts underlying his claim for relief. As noted by the trial court, the underlying basis for Acosta's claims are the circumstances involving the timing of the release of the Toledo Police forensic lab report. Although Acosta claims that he was unable to discover the facts related to the report until January 28, 2022, when his trial counsel sent him a copy, the trial court found in its May 14, 2024 order and judgment entry that Acosta "was aware of the issue as early as September 3, 2019" when Acosta's trial date was rescheduled due to the absence of an official lab report containing the relevant test results. Acosta essentially concedes the trial court's finding in his postconviction petition, wherein he states that "[o]n September 3, 2019, a hearing was held due to the state of Ohio could not move forward, trial was set fix [sic] this day, but because the laboratory analysis had not been complete, the state couldn't move forward." The trial court additionally found that issues surrounding the lab report -- as articulated by both Acosta and his counsel on February 14, 2020 -- "served as the basis" for the trial court's decision to allow Acosta to withdraw the guilty pleas entered on January 27, 2020. Upon our review of the record, we find that the information on which Acosta bases all of his arguments was both available and known to him before he entered his plea in case No. 19-2308; whether or not he personally reviewed the

9.

contents of the disputed report prior to January 28, 2022, does nothing to alter this conclusion. Acosta was not unavoidably prevented from the discovery of the facts on which he now relies.

{¶ 25} Even if Acosta had been unavoidably prevented from discovering the facts, Acosta's petition would nevertheless fail because he cannot meet the statute's second requirement for a late-filed petition, as set forth in R.C. 2953.23(A)(1)(b). This court has recently held that where, as here, a defendant enters a guilty plea, R.C. 2953.23(A)(1)(b) does not apply, because "[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment, he is admitting guilt of a substantive crime," and, thus, the accused "has no basis to claim that a reasonable factfinder would not have found him guilty but for constitutional error at trial." *State v. Davis*, 2022-Ohio-4767, ¶ 29, citing *State v. Cool,* 2009-Ohio-4333, ¶ 14.

{¶ 26} The requirements set forth in R.C. 2953.23 are jurisdictional. *See State v. Eubank*, 2008-Ohio-1296, ¶ 6. Because Acosta filed an untimely petition and failed to meet the requirements of R.C. 2953.23 for doing so, his petition should have been dismissed or denied without reaching the merits of his claim. Accordingly, appellant's first, second, fourth, fifth, and sixth assignments of error, which directly involve his petition for postconviction relief, are found not well-taken.

**III. The trial court did not abuse its discretion in denying Acosta's motion for disclosure of evidence that was presented to the grand jury in case No. CR 2019-2038.**

{¶ 27} Acosta argues in his third assignment of error that the trial court abused its discretion in denying his request for disclosure of grand jury transcripts. In an action for

10.

postconviction relief, a claim of need does not automatically entitle a petitioner to grand jury records; rather, a petitioner "must first make a colorable claim for postconviction relief and then seek the transcripts." (Additional quotations omitted.) *State v. Carr*, 2019-Ohio-3802, ¶ 31 (2d Dist.), quoting *State v. Buelow*, 2007-Ohio-131, ¶ 45 (2d Dist.) quoting *State v. Walker*, 2005-Ohio-1584, ¶ 7 (4th Dist.). Even then, inspection of grand jury transcripts may be permitted only where there exists a particularized need for disclosure that outweighs the need for grand jury secrecy. *State v. Perkins*, 2010-Ohio-5161, ¶ 45 (2d Dist.), citing *State v. Greer*, 66 Ohio St.2d 139 (1981), paragraph two of the syllabus. "Whether particularized need for disclosure of grand jury testimony is shown is a question of fact; but, generally, it is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." *Greer* at paragraph three of the syllabus.

{¶ 28} As indicated above, Acosta filed an untimely request for relief, thereby precluding consideration of even a "colorable claim" for postconviction relief in this case.

{¶ 29} Even if Acosta had made a timely claim, it would not be "colorable." "A 'colorable claim' means '[a] plausible claim that may reasonably be asserted, given the facts presented.'" *State v. E.I. Du Pont De Nemours and Co.*, 2021-Ohio-2614, ¶ 16 (4th Dist.), quoting Black's Law Dictionary (11th ed.2019). Here, Acosta grounds his claim for postconviction relief on an assertion that the grand jury indicted him on the basis of inadequate or incompetent evidence. Specifically, Acosta alleges that the State could not

11.

have charged him lawfully without first presenting as evidence to the grand jury the results contained in the September 25, 2019 laboratory report.

{¶ 30} The law is clear that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *State v. Khamsi*, 2020-Ohio-1472, ¶ 34 (1st Dist.), citing *United States v. Calandra*, 414 U.S. 338, 344-345 (1974); *see also Perkins* at ¶ 48, citing *Calandra.* In this case, where there is no evidence or allegation to suggest that the indictment was not valid on its face, Acosta cannot challenge the evidence supporting the indictments. None of the cases that he cites in support of his position directly addresses the issue and/or holds otherwise. Accordingly, Acosta has failed to establish entitlement to the grand jury transcripts.

{¶ 31} As further grounds for denying Acosta's request for grand jury transcripts, we point to Ohio Supreme Court cases wherein the court found no particularized need for disclosure of grand jury testimony where, as here, a defendant claimed that inspection of the transcripts was needed to show that an indictment was based on inadequate or incompetent evidence. *See State v. Davis*, 38 Ohio St.3d 361, 365 (1988) (by attacking the indictment on the basis that the grand jury acted upon inadequate or incompetent evidence, appellant has failed to demonstrate a particularized need to inspect the grand jury testimony); *see also State v. Brown*, 38 Ohio St.3d 305, 308 (1988) (declining to find abuse of discretion in trial court's denial of access to grand jury testimony where appellant argued the testimony would show that she was indicted on inadequate evidence).

12.

**{¶ 32}** For all of the foregoing reasons, we find that the trial court did not abuse its discretion in denying Acosta's motion for disclosure of grand jury testimony. Acosta's third assignment of error is found not well-taken.

### Conclusion

**{¶ 33}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

| | |
|---|---|
| Christine E. Mayle, J. | |
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Charles E. Sulek, P.J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.