[Cite as *State v. Hardin*, 2025-Ohio-5446.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-24-1268
                                                                                        L-24-1269
        Appellee                                      Trial Court No.  CR 21 2664
                                                                                        CR 21 2967
v.

Shawnte Hardin                                    **DECISION AND JUDGMENT**

        Appellant                                     Decided:  December 5, 2025

* * * * *

Dave Yost, Ohio Attorney General, and
Brad Tammaro and Drew Wood, Assistant Attorneys General, for appellee.

Shawnte Hardin, pro se.

* * * * *

**Osowik, J.**

{¶ 1} Appellant, Shawnte Hardin, appeals the October 7, 2024 judgment of the

Lucas County Court of Common Pleas, denying his petition for postconviction relief.

For the following reasons, we affirm the trial court's judgment.

**I. Facts and Procedural Background:**

{¶ 2} The underlying facts of this case are outlined in our decision from

appellant's direct appeal in *State v. Hardin*, 2024-Ohio-2943 (6th Dist.).

{¶ 3} Relevant to this appeal, on August 5, 2022, following the conclusion of a bench trial, the Lucas County Court of Common Pleas convicted appellant of 31 felony and misdemeanor offenses[1] resulting from appellant's unlawful engagement in death-related services for which he lacked the required education, training, licensure, facilities, and equipment, and which caused catastrophic damage to the remains of the deceased and anguish to the families and loved ones of the deceased. Appellant was sentenced to a total term of incarceration ranging from 11 years, 10 months, to 14 years, 10 months.

{¶ 4} Appellant appealed to this court and raised three assignments of error—that his convictions for engaging in a pattern of criminal activity, tampering with records, telecommunications fraud, abuse of a corpse, and/or possession of criminal tools were against the manifest weight of the evidence; that his convictions for abuse of a corpse were void as the statute was unconstitutionally vague; and that his convictions for failure to file taxes were void as Lucas County was an improper venue. This court affirmed the trial court's decision on August 2, 2024, and in doing so, upheld appellant's convictions and sentences. *See Hardin* at ¶ 60.

---

[1] Appellant's convictions consist of one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1) and (2), three counts of tampering with records, in violation of R.C. 2913.42(A)(1) and (2), two counts of telecommunications fraud, in violation of R.C. 2913.05, one count of operating an unlicensed funeral home, in violation of R.C. 4717.13(A)(5), six counts of abuse of a corpse, in violation of R.C. 2927.01(B), one count of possession of criminal tools, in violation of R.C. 2923.24, eight counts of representation as a funeral director while unlicensed, in violation of R.C. 4717.13(A)(3), two counts of theft, in violation of R.C. 2913.02(A), four counts of passing bad checks, in violation of R.C. 2913.11, and three counts of failure to file taxes, in violation of R.C. 5747.19.

2.

{¶ 5} A month later, appellant filed a petition for post-conviction relief in the Lucas County Court of Common Pleas pursuant to R.C. 2953.21 requesting that the court vacate the judgment of conviction or conduct an evidentiary hearing. In his petition, appellant raised one ground for relief—that he was denied effective assistance of counsel when trial counsel "failed to adequately prepare for trial and call witnesses that [appellant] had asked counsel to call at trial." Appellant contended that counsel's failure fell below an objective standard of reasonable representation, and that had he called the witnesses, they would have rendered the state's witnesses incredible. In support of his petition, appellant provided only an affidavit from himself, which explained in detail what he believed the many missing witnesses *would have* testified to had counsel called them, as well as other evidence he believed should have been presented at trial.

{¶ 6} Appellee, in response, argued that the petition should be denied without a hearing because the claims were either barred by res judicata or did not establish ineffective assistance of counsel. To support this argument, appellee focused on the singular affidavit presented by appellant and contended that it was not sufficient to trigger the right to a hearing. Appellee took issue with the fact that appellant described more than 20 potential witnesses that he wished to call at trial, yet none of those witnesses submitted their own affidavit. Additionally, appellee highlighted several contradictions in statements made by appellant and evidence presented at trial. Turning next to res judicata, appellee argued that several of appellant's claims were barred by res judicata because they either were previously argued or could have been argued at trial or on direct

3.

appeal. Finally, appellee noted that appellant claimed to have documentary evidence of his innocence, yet he failed to provide such evidence to the court.

{¶ 7} In an order dated October 7, 2024, the trial court denied appellant's motion, agreeing with appellee that appellant's entire position rested on his own self-serving affidavit and that many of his claims were barred by the doctrine of res judicata.

{¶ 8} Appellant appealed this decision. He now presents the following assignments of error for our review:

I.     THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION BY DENYING THE APPELLANT[']S PETITION FOR POST-CONVICTION RELIEF WITHOUT HOLDING AN EVIDENTIARY HEARING PURSUANT TO SECTION 2953.21(E) AND SECTION 2953.22 OF THE OHIO REVISED CODE

II.    THE TRIAL COURT DENIED DEFENDANT-APPELLANT DUE PROCESS WHEN IT FAILED TO COMPLY WITH THE STATUTORY REQUIREMENTS OF SECTION 2953.21 OF THE OHIO REVISED CODE

III.   THE TRIAL COURT ERRED IN APPLYING [THE] DOCTRINE OF RES JUDICATA AS [A] BASIS FOR DENYING DEFENDANT-APPELLANT'S PETITION FOR POST CONVICTION RELIEF

IV.    POST-CONVICTION RELIEF PETITION COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AMENDMENT, TO THE U.S. CONSTITUTION AND IN VIOLATION ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION AND ARTICLE I SECTION 16 TO THE OHIO CONSTITUTION

V.     THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE OF OHIO TO PROCEED TO TRIAL IN THE CASE FROM THE ONSET. THE TRIAL COURT DIRECTLY VIOLATED THE APPELLANT['S] FIRST AMEND[ME]NT AND SIXTH AMENDMENT RIGHT WHEN IT FOUND THE APPELLANT GUIILTY OF MISRPERESENTING AS A FUNERAL DIRECTOR

4.

WHILE UNLINCESED A VIOLATION OF OHIO REVISED CODE 4717.13

VI.    THE TRIAL COURT ERRED WHEN IT FAILED TO RULE ON THE APPELLANT[']S MOTION ASKING FOR THE MEDICAL RECORDS

## II. Law and Analysis

### A. Appellant's First, Second, and Third Assignments of Error

{¶ 9} Given that appellant's first three assignments of error all derive from the trial court's decision to deny his motion for post-conviction relief, we will address these assignments together.

{¶ 10} Citing to *State v. Calhoun*, 86 Ohio St.3d 279 (1999), the trial court found that there was no need for a hearing on appellant's motion for post-conviction relief because most of the claims in appellant's affidavit were barred by res judicata, and no evidence was before the court aside from appellant's "self-serving (and at times self-contradictory) affidavit."

{¶ 11} R.C. 2953.21 governs post-conviction relief. The relevant provisions include:

(D) … Before granting a hearing on a petition filed under division (A)(1)(a)(i), (ii), (iii), or (iv) of this section, *the court shall determine whether there are substantive grounds for relief*. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and

5.

file findings of fact and conclusions of law with respect to such dismissal….

\*\*\*

(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending…. (Emphasis added.)

{¶ 12} "Where a trial court denies a petition for postconviction relief without a hearing, appellate courts generally review the decision for an abuse of discretion." *State v. Acosta*, 2025-Ohio-1847, ¶ 18 (6th Dist.), citing *State v. Matthews*, 2024-Ohio-1071, ¶ 17 (6th Dist.). "Abuse of discretion" requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Darby v. A-Best Prod. Co.*, 2004-Ohio-3720, ¶ 13. It is not enough that the appellate court would have reached a different result. *State v. Smith*, 2017-Ohio-7770, ¶ 9 (7th Dist.).

{¶ 13} "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *Calhoun*, 86 Ohio St.3d at 281. In order to obtain postconviction relief, a petitioner must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States…." R.C. 2953.21(A)(1)(a)(i).

{¶ 14} Appellant argues that the trial court abused its discretion when it failed to hold an evidentiary hearing and when it denied his petition for post-conviction relief under the doctrine of res judicata. He adds that by failing to comply with the requirements of R.C. 2953.21, the trial court denied him due process. To support these

6.

assertions, appellant largely reiterates his ineffective assistance of counsel claim originally presented to the trial court and contends that his affidavit alone provided enough evidence to grant a hearing.

{¶ 15} Looking more closely at appellant's affidavit, he claims that some witnesses listed in his affidavit were and are willing to able to testify, and that others could be subpoenaed. However, he later contradicts this by stating, "the only affidavit that could prove counsel was ineffective was the affidavit of defendant, Mr. Hardin." Appellant also argues that his witnesses would have been more credible than the state's witnesses. Accordingly, appellant believes that "it would be only reasonable to hear and see the new evidence or the evidence that the trial attorney did not provide to the court [as] he should have." And that "[t]here is no question that the hearing would have proven that Hardin's evidence was undoubtedly more persuasive than the State of Ohio." We disagree.

{¶ 16} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *See Calhoun*, 86 Ohio St.3d at 282. "The Ohio Supreme Court has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing include the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and the operation of res judicata to bar the constitutional claims raised in the petition." *State v. Mack*, 2024-Ohio-6102, ¶ 16 (5th Dist.) citing *Calhoun* at paragraph two of the syllabus and *State v. Lentz*, 70 Ohio St.3d 527, 530 (1994).

7.

{¶ 17} The Supreme Court of Ohio held that it is not unreasonable to require a petitioner seeking postconviction relief to show that the alleged errors resulted in prejudice before a hearing is scheduled. *State v. Jackson*, 64 Ohio St.2d 107, 112 (1980). Therefore, "before a hearing is granted, 'the petitioner bears the initial burden to submit evidentiary documents containing *sufficient operative facts* to demonstrate the lack of competent counsel *and* that the *defense was prejudiced* by counsel's ineffectiveness.'" (Emphasis added.) *Calhoun* at 283, quoting *Jackson* at syllabus. As such, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions." *Jackson* at 111. "'A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than Defendant's own self-serving affidavit or statements in his petition, which alone are legally insufficient to rebut the record on review.'" *State v. Hill*, 2021-Ohio-3899, ¶ 15 (10th Dist.), quoting *State v. Blanton*, 2020-Ohio-7018, ¶ 10 (4th Dist.). Accordingly, "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus; *see also* R.C. 2953.21(C).

{¶ 18} Res judicata is also a proper basis upon which to deny a petition for postconviction relief without holding an evidentiary hearing. *State v. Lentz,* 70 Ohio St.3d 527, 529 (1994), citing *State v. Perry*, 10 Ohio St.2d 175 (1967). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was

8.

represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. It is well settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997). "'To overcome the res judicata bar, evidence offered [outside] the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record.'" *State v. Lewis*, 2019-Ohio-3031, ¶ 14 (3d Dist.), quoting *State v. Slagle*, 2012-Ohio-1936, ¶ 16 (4th Dist.).

{¶ 19} In this case, the trial court denied appellant's petition noting that he presented arguments barred by res judicata and failed to present new evidence beyond his own self-serving affidavit. Upon our review of appellant's arguments, we agree with the trial court that appellant was not entitled to an evidentiary hearing because his arguments are either barred by res judicata or fail to show sufficient operative facts to establish substantive grounds for relief. In his affidavit, appellant lists several witnesses that he claims would support his innocence but fails to provide even a single affidavit beyond his own. He states that he has text messages, videos, photographs, and physical evidence to support his position, but does not explain what that evidence consists of or how it would have helped his case. Furthermore, appellant both directly and indirectly indicates that the evidence was available to him at trial. Res judicata applies both to issues that were

9.

previously raised and issues that could have been previously raised. *Szefcyk* at syllabus. Appellant does not present any explanation to the court to justify why he failed to raise his claims earlier, or why an exception to res judicata should apply.

{¶ 20} Given that appellant's sole evidence for relief is an unsupported, self-serving affidavit, the trial court properly denied his petition for post-conviction relief without holding an evidentiary hearing. As such, we overrule appellant's first, second, and third assignments of error.

### B. Appellant's Fourth Assignment of Error

{¶ 21} In appellant's fourth assignment of error, he argues that his post-conviction counsel was ineffective.

{¶ 22} "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *Calhoun*, 86 Ohio St.3d at 281. "It is well established that the Sixth Amendment to the United States Constitution provides a right to the effective assistance of counsel in criminal proceedings. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. However, that right does not extend to civil post-conviction relief proceedings." *State v. Brown*, 2003-Ohio-3551, ¶ 12 (7th Dist.). This is, in part, because "[s]tate collateral review itself is not a constitutional right." *Calhoun* at 281. Likewise, there is no statutory right to effective assistance of counsel in post-conviction proceedings.

> Ohio's statute governing initial post-conviction petitions does allow the appointment of counsel in death penalty cases. R.C. 2953.21(J)(1). However, the statute also expressly states that "[t]he ineffectiveness or incompetence of counsel during proceedings under this section does not constitute grounds for relief in a proceeding under this section, in an appeal

10.

of any action under this section, or in an application to reopen a direct appeal." R.C. 2953.21(J)(2). Thus, there is an explicit prohibition on any claim of relief predicated on a claim of ineffective assistance of post-conviction counsel.

*State v. Conway*, 2019-Ohio-2260, ¶ 46 (10th Dist.).

{¶ 23} Because appellant is precluded from raising this claim, we overrule his fourth assignment of error.

## C. Appellant's Fifth and Sixth Assignments of Error

{¶ 24} We next address appellant's fifth and sixth assignments of error together. In these assignments, appellant challenges actions taken by the trial court *at his original trial*. Specifically, appellant argues that the trial court erred when it allowed the case to proceed to trial, when it found appellant guilty of misrepresenting as a funeral director, and when it failed to rule on his motion asking for medical records.

{¶ 25} These arguments were not contained in appellant's petition for post-conviction relief and are being raised for the first time on appeal. It is well-settled that appellate courts will not consider issues that are raised for

the first time on appeal. *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210 (1982); *State v. Quarterman*, 2014–Ohio–4034, ¶ 15; *State v. Wintermeyer*, 2019-Ohio-5156 ¶ 7; *Ohio Performance, Inc. v. Nelson*, 1995 WL 103634, *3 (4th Dist. Mar. 7, 1995) ("It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. * * * Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process.").

**{¶ 26}** Because appellant did not raise these issues below, he waived them on appeal. Accordingly, we overrule appellant's fifth and sixth assignments of error.

### III. Conclusion

**{¶ 27}** For the foregoing reasons, we find appellant's six assignments of error not well-taken.  The Lucas County Court of Common Pleas' October 7, 2024 denial of appellant's petition for postconviction relief is affirmed.

**{¶ 28}** Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.
_____
JUDGE

Christine E. Mayle, J.
_____
JUDGE

Myron C. Duhart, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.